## (December 8, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM ·JENKS, Appellant, v. DANIEL McMANN, as Warden of Clinton Prison, Respondent.—GIBSON, P. J. Appeal from a judgment of the Supreme Court which dismissed a writ of habeas corpus, after a hearing at which relator, an inmate of Clinton Prison, requested and was denied assignment of counsel to represent him. We are required by present decisional law to reverse the judgment and to remit the proceeding to Special Term for rehearing after assignment of counsel to represent relator thereat. This was our decision in *People ex rel. Rodriguez* v. *La Vallee* (26 A D 2d 8) in which we said: "The recent decisions of the Court of Appeals in cases closely parallel to this make it abundantly clear that relator's request must be granted; and that at any hearing directed to be held upon the return of a writ of habeas corpus, issued upon the application of an indigent prisoner seeking to be released from custody, the prisoner shall be entitled, upon request, to the assignment of counsel to represent him upon such hearing. (*People* v. *Hughes*, 15 N Y 2d 172; *People ex rel. Rogers* v. *Stanley*, 17 N Y 2d 256; *People* v. *Monahan*, 17 N Y 2d 310.)" Directly in point, also, is *People ex rel. Nelson* v. *Mancusi* (26 A D 2d 793). There seems no basis for the view that we considered in *Rodriguez* that we were announcing a new rule, which might or might not be deemed retroactive, for we expressly relied on the three Court of Appeals decisions there cited and above listed. In one of them (i.e., *Rogers*, 17 N Y 2d 256, *supra*), decided May 5, 1966 and cited in *Rodriguez*, the habeas corpus hearing had been had prior to July, 1964; in this proceeding it was had in 1965. Further, the decision in *People ex rel. Purvis* v. *Warden of Clinton Prison* (18 N Y 2d 753) seems conclusive of the question, if *Rodriguez*, read with *Rogers*, is not. In *Purvis*, again a habeas corpus proceeding, the appeal was submitted to our court on June 1, 1964 and decided July 2, 1964, after our previous refusal to assign counsel, and it was not until February 11, 1965 that the Court of Appeals in *People* v. *Hughes* (15 N Y 2d 172, 173) held that an indigent defendant is entitled to have counsel assigned to represent him on appeal to the Appellate Division, "whether the appeal be from a judgment

of conviction or an order denying an application for *coram nobis* or habeas corpus relief." In *Purvis* then, the Court of Appeals (p. 755) held with respect to the 1964 appeal, that, "The refusal of the Appellate Division to assign counsel in that court on the argument of the appeal in this proceeding was erroneous, but it resulted in no prejudice to relator since he was thereafter in fact represented on the appeal by an attorney." It is true that in this case we deal with absence of representation at the hearing level, but it is at that stage that counsel is ordinarily most necessary. It woud seem that, since the *Purvis* decision mandating assignment of appellate counsel is applicable to appeals argued before it was handed down, the same application must be given to decisions mandating assignment of counsel at the hearing level. Judgment reversed, on the law, without costs, and proceeding remitted to Special Term for rehearing, after assignment of counsel to represent relator thereat. Herlihy, J. (concurring in the result). I concur in the result because of *People ex rel. Rodriguez* v. *La Vallee* (26 A D 2d 8). However, I am not convinced that ,he requirement of assigning counsel should be retroactive, particularly when the appellant was assigned counsel who thoroughly briefed and orally argued the appeal in this court. The cited decisions are not controlling under the present circumstances. Reynolds, J. (concurring). I am concurring because I feel bound by the decision of this court in *People ex rel. Rodriguez* v. *La Vallee* (26 A D 2d 8). My views as to the issue herein are set forth in my dissent in that case. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Herlihy, J., concurs in the result; Aulisi, J., not voting.